UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| FILIA TREJO-HERNANDEZ,<br><br>    Plaintiff,<br><br>vs.<br><br>RED APPLE ENTERPRISE, INC. d/b/a Kobe Japanese Steakhouse and BAOGUO LIN,<br><br>    Defendants. | Civil Action No. _____<br>3:16-cv-184-TCB |

## COMPLAINT

Plaintiff Filia Trejo-Hernandez, by and through her attorneys, herein asserts a claim against Defendants Red Apple Enterprise, Inc. d/b/a/ Kobe Japanese Steakhouse and Baoguo Lin for due but unpaid minimum wages, showing the Court as follows:

### Introduction

1.

In this Fair Labor Standards Act action, 29 U.S.C. 201 *et seq.*, Plaintiff Trejo-Hernandez seeks to recover unpaid overtime wages from her former employers.

## Jurisdiction and Venue

2.

The jurisdiction of this Court is invoked pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

3.

Venue properly lies in the Northern District of Georgia under 28 U.S.C. § 1391(b) because Defendants conduct business in this judicial district, all the events giving rise to the claims herein arose in this judicial district, and Defendant Baoguo Lin resides within this judicial district.

## Parties

4.

Plaintiff is a natural person residing in Fayette County, Georgia.

5.

Defendant Red Apple Enterprise, Inc. (hereinafter "Red Apple") is a domestic corporation existing under the laws of the State of Georgia. Red Apple may be served with process via service on its registered agent Baoguo Lin at 2876 Hwy 54 Peachtree City, GA, 30269.

6.

Defendant Red Apple is subject to the personal jurisdiction of this Court.

7.

Defendant Baoguo Lin (hereinafter "Lin") is a natural person and may be served with process at his residence in in Peachtree City, Fayette County, Georgia, or wherever he may be found.

8.

Defendant Lin is subject to the personal jurisdiction of this Court.

**Enterprise Coverage Under the FLSA**

9.

Defendants own and operate a business enterprise known as Kobe Japanese Steakhouse (hereinafter "Kobe") in Peachtree City, Fayette County, Georgia.

10.

During the relevant time period, two more employees of Kobe, including Plaintiff, used or handled the following items that moved in interstate commerce that are necessary for performing its commercial purpose: foodstuffs, liquor, beer, kitchen equipment, chairs, tables, paper products and uniforms.

11.

In 2014, Kobe had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) within the meaning of 29 U.S.C. § 203(s)(1)(A).

12.

In 2015, Kobe had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) within the meaning of 29 U.S.C. § 203(s)(1)(A).

13.

In 2016, Kobe had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) within the meaning of 29 U.S.C. § 203(s)(1)(A).

14.

During 2014, Kobe had two or more "employees engaged in commerce" as defined by 29 U.S.C. § 203(s)(1)(A).

15.

During 2015, Kobe had two or more "employees engaged in commerce" as defined by 29 U.S.C. § 203(s)(1)(A).

16.

During 2016, Kobe had two or more "employees engaged in commerce" as defined by 29 U.S.C. § 203(s)(1)(A).

17.

During 2014, Kobe had two or more "employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person" as defined in 29 U.S.C. § 203(s)(1)(A).

18.

During 2015, Kobe had two or more "employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person" as defined in 29 U.S.C. § 203(s)(1)(A).

19.

During 2016, Kobe had two or more "employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person" as defined in 29 U.S.C. § 203(s)(1)(A).

20.

During 2014, Kobe was an "enterprise engaged in commerce or in the production of goods for commerce" as defined in the FLSA, § 7(a)(1), 29 U.S.C. § 207(a)(1).

21.

During 2015, Kobe was an "enterprise engaged in commerce or in the production of goods for commerce" as defined in the FLSA, § 7(a)(1), 29 U.S.C. § 207(a)(1).

22.

During 2016, Kobe was an "enterprise engaged in commerce or in the production of goods for commerce" as defined in the FLSA, § 7(a)(1), 29 U.S.C. § 207(a)(1).

**Corporate Employer Under the FLSA**

23.

Plaintiff has worked as a server/waitress at Kobe from approximately June 2014 through the present (hereinafter "the Relevant Time Period").

24.

Kobe is a restaurant primarily engaged in serving food and drink and specializing in Japanese hibachi and sushi.

25.

At all relevant times, the business operations of Kobe have been conducted through Defendant Red Apple.

26.

At all relevant times, Defendant Red Apple has maintained all financial accounts used in the operation of Kobe, including its payroll account.

27.

At all relevant times, Defendant Red Apple has paid all costs associated with the advertising, marketing, and promotion of Kobe.

28.

At all relevant times, Defendant Red Apple has placed Plaintiff on its payroll and treated her as a W-2 employee for tax purposes.

29.

At all relevant times, Defendant Red Apple has provided all facilities used in the performance of Plaintiff's server work at Kobe.

30.

At all relevant times, the work of servers such as Plaintiff has been an integral part of Kobe's business operation.

31.

At all relevant times, Plaintiff has been an "employee" as defined in FLSA § 3(e), 29 U.S.C. § 203(e) in connection with her server work at Kobe as a matter of economic reality.

32.

At all relevant times, Defendant Red Apple has been Plaintiffs' "employer" as defined in FLSA § 3(d), 29 U.S.C. § 203(d) as a matter of economic reality.

## Individual Employer Under the FLSA

33.

At all relevant times, Defendant Lin has acted directly or indirectly in the interest of Defendant Red Apple in his interactions with Plaintiff, and he controlled the terms and conditions of Plaintiff's employment on a day-to-day basis.

34.

Specifically, Defendant Lin was and is the owner, Chief Executive Officer, Chief Financial Officer, Secretary, and registered agent of Defendant Red Apple, and at all relevant times has had the highest-level management authority at Kobe.

35.

At all relevant times, Defendant Lin has had authority and exercised control over the finances and operations of Kobe.

36.

At all relevant times, Defendant Lin exercised managerial authority and control over the day-to-day business of Kobe, including Plaintiff and other servers.

37.

At all relevant times, Defendant Lin exercised ultimate control over hiring and firing Kobe's employees, including Plaintiff.

38.

At all relevant times, Defendant Lin controlled employee work schedules and conditions of employment of Plaintiff.

39.

At all relevant times, Defendant Lin determined the pay rate and the method of pay for Plaintiff and other Kobe servers.

40.

At all relevant times, Defendant Lin had authority and control over Kobe's common policy of requiring Plaintiff and other servers for whom it claimed the "tip credit allowance" to participate in a "tip pooling" arrangement.

41.

At all relevant times, Defendant Lin has been an "employer" within the meaning of the FLSA, 29 U.S.C. § 203(d).

**FLSA Non-Exempt Status and Tip-Credit Violation**

42.

At all relevant times, Plaintiff has not subject to any exemption from the minimum wage pay requirements of the FLSA.

43.

At all relevant times, Plaintiff was compensated for her server work at Kobe at an hourly rate of approximately $2.13.

44.

At all relevant times, Defendants failed to notify Plaintiff of the provisions of FLSA § 3(m), 29 U.S.C. § 203(m).

45.

At all relevant times, Defendants required Plaintiff and other Kobe servers to pay a portion of their tips into a purported tip pool.

46.

At all relevant times, Defendants required Plaintiff and other Kobe servers to pay 48% of their tips into a purported tip pool.

47.

At all relevant times, Defendants represented to Plaintiff and other servers that their tip pool contributions were paid out to Kobe's hibachi chefs.

48.

At all relevant times, Defendants did not in fact pay out Plaintiff's tip pool contributions to Kobe's hibachi chefs.

49.

At all relevant times, Defendants compensated Kobe's hibachi chefs on a salary basis.

50.

At all relevant times, Kobe's hibachi chefs did not contribute any portion of their tips into the mandatory tip pool.

**Willfulness and Good Faith**

51.

Defendants knew or should have known that the FLSA's tip credit allowance was improperly applied to Plaintiff when they did not pay over the monies contributed to the mandatory tip pool to Kobe's hibachi chefs as they had represented to Plaintiff.

52.

Defendants knew or should have known that the FLSA's tip credit allowance was improperly applied to Plaintiff when they failed to notify Plaintiff of the tip credit provisions of FLSA § 3(m), 29 U.S.C. § 203(m).

53.

In establishing and maintaining an illegal mandatory tip pool and by failing to pay Plaintiff no less than the federal minimum wage, Defendants have not relied on any letter ruling from the Department of Labor indicating that such practice is permitted under the FLSA.

54.

In establishing and maintaining an illegal mandatory tip pool and by failing to pay Plaintiff no less than the federal minimum wage, Defendants have not relied on any legal advice indicating that such practice is permitted under the FLSA.

55.

Defendants' failure to compensate Plaintiff at no less than the federal minimum wage during each workweek in the Relevant Time Period was willful within the meaning of 29 U.S.C. § 255(a).

56.

Defendants' failure to compensate Plaintiff at no less than the federal minimum wage during each workweek in the Relevant Time Period was not done in good faith within the meaning of 29 U.S.C. §§ 259 or 260.

## CLAIM FOR RELIEF

## COUNT ONE - VIOLATION OF 29 U.S.C. §§ 206 AND 215

57.

The foregoing paragraphs are incorporated herein by this reference.

58.

At all relevant times, Plaintiff was an employee covered by the FLSA and entitled to the minimum wage protections set forth in FLSA § 6(a), 29 U.S.C. § 206(a).

59.

At all relevant times, Defendants failed to compensate Plaintiff at an hourly rate above or equal to the minimum wage as established in accordance with the FLSA.

60.

At all relevant times, Defendants willfully failed to compensate Plaintiff at an hourly rate above or equal to the minimum wage as established in accordance with the FLSA.

61.

At all relevant times, Defendants required Plaintiff to pay over a portion of her tips to Defendants in violation of 29 U.S.C. § 203(m).

62.

Defendants are liable to Plaintiff for all unpaid minimum wages for hours worked during the Relevant Time Period pursuant to FLSA § 16(b), 29 U.S.C. § 216(b), in an amount to be determined at a trial.

63.

Defendants are also liable to Plaintiff for the full value of all tips improperly retained by Defendants from her tips.

64.

Because Defendants' violation of the FLSA's minimum wage requirement was not done in good faith, Defendants are also liable to Plaintiff for liquidated damages in accordance with FLSA § 16(b), 29 U.S.C. § 216(b).

65.

Defendants are also liable to Plaintiff for her litigation costs, including her reasonable attorney's fees, pursuant to FLSA § 16(b), 29 U.S.C. § 216(b).

**WHEREFORE**, Plaintiffs request that this Court:

(a)  Take jurisdiction of this matter;

(b)  Issue an Order holding each of the Defendants to be an "employer" as that term is defined under the FLSA;

(c)     Issue a judgment declaring that Plaintiff was covered by the provisions of the FLSA and that Defendants have failed to comply with the requirements of the FLSA;

(d)     Award Plaintiff all unpaid minimum wages for each hour worked during the Relevant Time Period, calculated at the rate of $7.25 per hour less the $2.13 per hour actually paid to Plaintiffs by Defendants, and liquidated damages equaling 100% of the unpaid minimum wages;

(e)     Award Plaintiff the amount of all tips improperly collected by Defendants during the Relevant Time Period, and liquidated damages equaling 100% of the amount of the improperly collected tips;

(f)     Award Plaintiff pre-judgment interest on all amounts owed;

(g)     Award Plaintiff post-judgment interest on all amounts owed;

(h)     Award Plaintiff nominal damages;

(i)     Award Plaintiff her costs of litigation, including her reasonable;

(j)     Award any and such other further relief this Court deems just, equitable and proper.

This 2nd day of December 2016.

           Respectfully submitted,

           **DELONG, CALDWELL, BRIDGERS,
FITZPATRICK & BENJAMIN, LLC**

           */s/ Charles R. Bridgers*

3100 Centennial Tower    Charles R. Bridgers
101 Marietta Street, NW    Georgia Bar No. 080791
Atlanta, Georgia 30303
(404) 979-3150 Telephone    */s/ Matthew W. Herrington*
(404) 979-3170 Facsimile    Matthew W. Herrington
charlesbridgers@dcbflegal.com    Georgia Bar No. 275411
matthew.herrington@dcbflegal.com

           ATTORNEYS FOR PLAINTIFF